## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BARBARA JONES, ERICA JONES,** | § | |
| **and CHARITY JONES** | § | |
| *Plaintiffs*, | § | |
| | § | **C.A. NO.:  3:13-CV-02683** |
| **v.** | § | |
| | § | |
| **CELADON TRUCKING SERVICES** | § | |
| *Defendants*. | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1 | Original Petition | 06/10/2013 |
| 2 | Issue Citation | 06/10/2013 |
| 3 | Case Filing Cover Sheet (Civil Case Information Sheet) | 06/10/2013 |
| 4 | Return of Service-Celadon Trucking Services, Inc. | 06/19/2013 |
| 5 | Defendant Celadon Trucking Services, Inc.'s Original Answer | 07/01/2013 |
| 6. | Uniform Agreed Scheduling Order | 07/11/2013 |
| 7. | Hearing Notice | 07/11/2013 |

FILED
13 JUN 10 PM 2 15
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

BARBARA JONES
ERICA JONES
CHARITY JONES

Cause Number ___13-06382___

v.

CELADON Trucking Svcs.

IN THE DISTRICT COURT

JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

**PLAINTIFF'S ORIGINAL PETITION**

Barbara Jones, Erica Jones, and Charity Jones hereinafter called Plaintiffs, complain of Celadon Trucking Services, hereinafter called Defendants, and for cause of action would respectfully show the Court and Jury the following:

1.1 Plaintiffs are individuals and residents of Dallas County, Texas.

**Celadon Trucking ServicesDEFENDANTIndianapolis, Marion County, Indiana**

1.2 Defendant Celadon is a corporation that does business in Dallas County, Texas incorporated under the laws of the State of Indiana having its principal place of business in Indianapolis, Indiana and may be served with citation by serving its registered agent for service, National Corporate Research, at its registered address 800 Brazos St. Suite 400 Austin, TX 78701 Travis County, Texas.

2.1 Plaintiff brings this suit to recover damages and for personal injuries sustained by plaintiff in a collision in Dallas County, Texas on I-45 North, which collision was proximately caused by Defendant's negligence. At the time of the occasion in question, the vehicle with which the Plaintiff collided was operated by Defendant Celadon and it's employee and owned by Defendant Celadon.

### 3. FACTS

Tab 1

3.1 On June 11, 2011 Plaintiff Barbara Jones was operating her vehicle on Highway I-45 North close to the Martin Luther King Blvd exit.  Erica Jones and Charity Jones both daughters of Barbara Jones also listed as Plaintiffs were passengers in the vehicle operated by Barbara Jones.

a. Erica Jones was a passenger sitting in the front passengers side which is the side where the Plaintiff's vehicle was struck.

b. Charity Jones was a passenger sitting in the back seat of the vehicle on the driver's side.

3.2 Plaintiff's car was violently struck by defendant /driver of Celadon, in a vehicle owned by defendant Celadon.  The Plaintiff's vehicle was struck on the right hand side of the Plaintiff (on the passenger's side).The Plaintiff was traveling beside of the Defendant when the defendant moved over into the same lane that the plaintiff was in on Highway I-45 North while it was unsafe to do so. While the defendant was moving into the plaintiff's lane, There was no way (neither was it at all possible) for the Plaintiff Barbara Jones to move out of the defendants way due to the vehicle traveling in the lane on the left hand side of the plaintiff. The defendant struck the defendants vehicle on the passenger's side forcing the plaintiff's vehicle out of its lane and into the plaintiff's left hand lane.

3.3 Once the defendant forcefully struck the side of the plaintiff's vehicle, the defendant continued traveling going away from the scene of the collision. Upon noticing the Defendant did not stop and had no intentions to do so, the Plaintiff Barbara Jones then followed the defendant to urge the defendant to pull over. The defendant never stopped. The Plaintiff continued to follow the Defendant Celadon driver as the defendant passengers Erica Jones and Charity Jones wrote down the entire information listed on the back of the Defendant's truck.

3.4 After following the defendant's vehicle for approximately half of a mile or less having written down the defendant's truck information, defendant passenger Erica waved her hand out of the window to the Defendant to urge them to pull over. At that time, the passenger riding with the defendant Celadon looked at the plaintiff's vehicle with a shocked expression but even then, the defendant Celadon driver continued driving and did not stop.

3.5 Following the incident while still traveling approximately one mile or two from the collision scene, A witness was traveling along the left hand side of the Defendant Barbara Jones. The passenger witness rolled down her window and proceeded to tell the Defendant that she witnessed the whole accident and gave the defendant her contact information to be of assistance in witnessing for the defendant.

## 4. Cause of Action and Venue

4.1 This suit is brought in accordance with the laws of the state of Texas  for the recovery of damages which are in excess of the minimal jurisdictional limits of this court, to which plaintiffs are entitled to receive as compensation for the injuries described below.

4.2 This automobile collision occurred and the cause of action arose in Dallas County, Texas

4.3 The parties reside in Dallas County, Texas.

4.4 Accordingly the court has jurisdiction over this matter and venue is proper in Dallas County, Texas.

### 5. Cause of action against Celadon Trucking Services

5.1 Plaintiff(s) Barbara Jones, Erica Jones and Charity Jones allege that defendant Celadon Trucking Services' negligence proximately caused the incident wherein Plaintiff(s) sustained personal injuries, property damage and loss of use for Plaintiff's vehicle. Plaintiff's damages are in excess of the court's minimum jurisdictional limits.

5.2 Defendant was negligent as is follows:

a. by changing lanes whenit was unsafe to take such action;

b. by failing to keep the vehicle within the lane of traffic;

c. by failing to keep a proper lookout

d. by failing to maintain proper control of the vehicle.

e. in failing to swerve or otherwise move the vehicle in order to avoid the accident

f. in failing to pay attention when operating a vehicle on our state's public highways

### 6. Alternative Claims

**Course and scope of employment**

6.1 On June 11, 2011 which was the date of the incident which caused Plaintiff's injuries, defendant/driver was acting in the course and scope of her employment and/ or an agent or servant for and on behalf of Celadon. Accordingly, Celadon is liable for defendant/driver's actions and plaintiff's damage.

**Gross Negligence:**

6.2  At the time of the incident complained of herein, Defendant/driver acted with gross negligence:

a. in willfully and wantonly failing to maintain proper control of the vehicle without regard for the rights and safety of others;

b. in recklessly driving in willful or wanton disregard for safety of person or property.

Plaintiff(s) would show that defendant's conduct constitutes a reckless disregard for therights of others and/or was the result of conscious indifference to the rights, welfare and safety of others. Accordingly defendant/driver was grossly negligent and such gross negligence was a proximate cause of plaintiffs' damages. Plaintiff is therefore entitled to recover punitive damages from Celadon in the amount of $70,000.

**Pleading for Negligence of Entrustment**

Plaintiffs would show that at the time of the incident made the basis of the suit, the Defendant Celadon driver was driving a vehicle owned by Celadon that said, the defendant knew or had reason to know that the Defendantdriver, with operation of a motor vehicle was negligent.

Plaintiff would further show that by Celadon, knew or should have known that the Defendantdriver, was not a prudent driver; and that by giving permission to he or she to operate the vehicle, constitutes negligent entrustment of a motor vehicle, and that such entrustment constitutes not only negligence but negligence per se.

Plaintiff would further show that the Defendant's driver proximately caused the collision in which Plaintiffs sustained injuries.

## 7. Personal Injuries

7.1 Plaintiffs Barbara Jones and Erica Jones allege that as a direct and proximate result of the negligent conduct of the defendant Celadon , they have suffered and are suffering with bodily injuries.

a. Barbara Jones has suffered and is suffering with bodily injuries that cause her to have back and neck pain and was diagnosed by a medical professional with injury of the spine that is apparently due to the incident described herein.

b. Erica Jones who has Scoliosis (curvature of the spine) has suffered and is suffering with bodily injuries that cause her to have back and neck pain and was diagnosed by a medical professionalto have a neck and back strain, as well as whiplash resulting from the incident describe herein. It also was said to have irritated the condition of her Scoliosis.

7.2 In connection with such injuries, Plaintiff(s) have suffered severe physical pain and mental anguish in the past and is suffering at the present and in all reasonable probability will continue to suffer for the rest of their lives.

7.3 Plaintiffs have necessarily incurred reasonable medical expenses in the past in the proper diagnosis, care and treatment of their injuries

7.4 Plaintiffs have sustained physical pain, mental anguish, and will, in reasonable probability sustain sustained physical pain and mental anguish in the future.

7.5 Plaintiffs further sue for pre-judgment interest for the time period and amount allowed by law from the date of the accident until the day of judgment.

7.6 Plaintiff would show that reasonable amount for compensation of pain, suffering and medical expenses incurred is $127,000.

## 8. Property Damages

8.1 Plaintiff Barbara Jones has suffered damages for deprivation and loss of her vehicle.

8.2 Plaintiff has been forced to expend funds on an additional car or would have suffered a monetary loss since she would have been without transportation to and from work. Payments for the damaged vehicles became delinquent and repossession measures were taken. Plaintiff kept vehicle for fear of needing it for evidence of the incident described herein. A reasonable amount for loss of the use of her vehicle is $21,000 or higher sum as the evidence may show.

8.3 Immediately after the collision described herein. Plaintiff's vehicle has a reasonable market value in and around Dallas County, Texas of $11,700.

8.4 In the alternative the reasonable cost for repairs which were necessary to rehabilitate and restore plaintiff's, vehicle to its condition prior to the collision would have been in excess of the market value of the vehicle. Accordingly Plaintiff Barbara Jones pleads for $23,000 for the damages and deconstruction done to the vehicle or higher sum as the evidence may show.

Prayer

Plaintiff prays that the Defendants be duly cited to appear and answer herein and that upon final trial hereof; Plaintiffs have judgment against the defendant for the full amount of their damages actual and with interest therein at the maximum legal rate both pre-judgment and post-judgment, that Plaintiffs have and recover costs of Court against the said Defendants and that Plaintiffs have and receive such other relief, general and specific, both at law and in equity, to which Plaintiffs may be justly entitled to.

Respectfully Submitted,

Barbara Jones, Erica Jones and Charity Jones

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:  **CELADON TRUCKING SVCS**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiffs being **BARBARA JONES, ETAL**

Filed in said Court  **10th day of June, 2013** against

**CELADON TRUCKING SVCS**

For Suit, said suit being numbered **DC-13-06382,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of June, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
                EVETTE LAMB



---

ATTY

# CITATION

## DC-13-06382

**BARBARA JONES, ETAL**
vs.
**CELADON TRUCKING SVCS**

ISSUED THIS
**11th day of June, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By:  EVETTE LAMB, Deputy

---

**Attorney for Plaintiff**
BARBARA JONES, PRO-SE
103 TRIUMPH RD
DALLAS TX 75241
214-463-3961

---

DALLAS COUNTY CONSTABLE
FEES PAID        FEES NOT PAID

Tab 2

# OFFICER'S RETURN

Case No. : DC-13-06382

Court No.14th District Court

Style: BARBARA JONES, ETAL

vs.

CELADON TRUCKING SVCS

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20 _____ , by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____              _____ of _____ County, _____

For mileage    $ _____

For Notary    $ _____              By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____              _____
Notary Public _____ County

SCANNED

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _13-06382_   COURT *(FOR CLERK USE ONLY)*: _____

FILED

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Barbara Jones  Email: barbarajones2008@yah oo.com | Plaintiff(s)/Petitioner(s): Barbara Jones  Barbara Jones  Celadon Trucking Bf | ☐ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 103 Triumph Rd  Telephone: 214 463-3901 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75241  Fax: | Defendant(s)/Respondent(s): Celadon Trucking | Custodial Parent: |
| | | Non-Custodial Parent: |
| Signature: Barbara Jones  State Bar No: | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☑Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: _____ | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☑Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Tab 3

Rev 2/13

CERT/MAIL

# CITATION

## DC-13-06382-A

BARBARA JONES, et al
vs.
CELADON TRUCKING SVCS.

ISSUED THIS
**12th day of June, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
BARBARA JONES
103 TRIUMPH RD.
DALLAS, TEXAS 75241
214-463-3961

---

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:   CELADON TRUCKING SVCS.
BY SERVING ITS REGISTERED AGENT, NATIONAL CORPORATE RESEARCH
800 BRAZOS STREET SUITE 400
AUSTIN, TEXAS 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BARBARA JONES, ET AL**

Filed in said Court  **10th day of June, 2013** against

**CELADON TRUCKING SVCS.**

For Suit, said suit being numbered **DC-13-06382-A,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 12th day of June, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

_____ , Deputy
SPRINGE MCKINLEY

FILED
JUN 19 2013
GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

Tab 4

**OFFICER'S RETURN**

Case No. : DC-13-06382

Court No.14th District Court

Style: BARBARA JONES, et al

vs.

CELADON TRUCKING SVCS

Came to hand on the _12th_ day of _June_, 20_13_, at _11:44_ o'clock _A_. M. Executed at _800 Brazos St. ste 400_ within the County of _Travis, Texas 78701-2548_, at _4:02_ o'clock _P_. M. on the _17th_ day of _June_ 20_13_, by delivering to the within named _attached hereto: Celadon Trucking Svcs, Registered agent, national corporate Research signed by m. Quick. was mailed united States Certified mail return receipt required_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $ _65.00_

For mileage $ _____

For Notary $ _____

of _____

By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____ County, _____ Notary Public

# 9214-8901-0661-5400-0016-5180-07

GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

FILED JUN 19 2013

**UNITED STATES**
**POSTAL SERVICE**

Date: June 18, 2013

MAIL MAIL:

The following is in response to your June 18, 2013 request for delivery information on your Certified Mail™/RRE item number 92148901066154000016518007. The delivery record shows that this item was delivered on June 17, 2013 at 4:02 pm in AUSTIN, TX 78701. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference info shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC1306382-A SM DP
BY SERVING ITS REGISTERED AGENT, NATIONAL CORPORATE RESEARC
CELADON TRUCKING SVCS.
800 BRAZOS ST STE 400
AUSTIN TX 78701-2548

**COPY**

CAUSE NO. 13-06382-A

BARBARA JONES, ERICA JONES,          §       IN THE DISTRICT COURT
and CHARITY JONES                    §
    *Plaintiffs*,                    §
                                     §
                                     §
                                     §
v.                                   §       14th JUDICIAL DISTRICT
                                     §
                                     §
                                     §
CELADON TRUCKING SERVICES            §
    *Defendants*.                    §       DALLAS COUNTY, TEXAS

**DEFENDANT CELADON TRUCKING SERVICES, INC.'S ORIGINAL ANSWER**

COMES NOW Defendant Celadon Trucking Services, Inc. (hereinafter "Defendant"), and files this Original Answer in the above-styled and numbered case, and would respectfully show unto the Court the following:

**SPECIAL EXCEPTIONS**

1.    Defendant specially excepts and objects to Plaintiffs' Petition on the basis that Plaintiffs have failed to state a maximum amount of damages claimed in this litigation. Pursuant to Texas Rule of Civil Procedure 47, Defendant hereby demands that Plaintiffs re-plead their cause of action to state a maximum amount of damages sought in this litigation within twenty (20) days of the filing hereof. Should Plaintiffs fail to comply with this special exception, Defendant requests a hearing on same and requests that this Court award Defendant reasonable costs and attorney fees associated with obtaining a ruling on this matter. Further, should Plaintiffs fail and/or refuse to do so within the time provides, Defendant requests the Plaintiffs' pleadings be automatically stricken in its entirety and all relief supported be automatically denied.

Tab 5

## GENERAL DENIAL

2.      As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

3.      Defendant asserts that Plaintiffs' actions caused and/or contributed to her injuries and damages. Defendant therefore invokes the doctrine of proportionate responsibility pursuant to Section 33.001 *et seq.* of the Tex. Civ. Prac. & Rem. Code.

4.      Defendant pleads that it is entitled to submission and consideration of Plaintiffs' recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiffs in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

5.      Defendant further asserts application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs are subject to federal or state income taxes.

## DEMAND FOR JURY TRIAL

6.      Defendant asserts its right to a trial by jury under Texas Constitution Article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

## PRAYER

WHEREFORE, Defendant prays for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendant may be entitled.

Respectfully Submitted,

GAUNTT, EARL, BINNEY & KOEN, L.L.P.

KARL W. KOEN
State Bar No.: 11652275
*Karl.Koen@gebklawyers.com*

ROBERT J. COLLINS
State Bar No.: 24031970
*Robert.Collins@gebklawyers.com*

RACHEL R. VULPITTA
State Bar No.: 24084789
*Rachel.Vulpitta@gebklawyers.com*

14643 Dallas Pkwy., Suite 500
Dallas, Texas 75254
(972) 630-4620
(972) 630-4669 - Fax

ATTORNEYS FOR DEFENDANT
CELADON TRUCKING SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 2nd day of July, 2013.

**Via Certified Mail**
**Via First Class Mail**
Ms. Barbara Jones
103 Triumph Road
Dallas, Texas  75241

_____
**KARL W. KOEN/ROBERT J. COLLINS/
RACHEL R. VULPITTA**

*4354* 000100

CAUSE NO. DC-13-06382-A

| | | |
|---|---|---|
| BARBARA JONES, et al | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| CELADON TRUCKING SVCS | § | |
| | § | |
| | § | 14TH JUDICIAL DISTRICT |

## UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.     This case will be ready and is set for **NON JURY TRIAL JUNE 10, 2014, at 9:30 a.m.** (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. If not reached as set, the case may be carried to the next week. **FAILURE TO COMPLY WITH THE DEADLINES CONTAINED HEREIN SHALL NOT SUPPORT A MOTION TO CONTINUE THIS MATTER.**

2.     Unless otherwise ordered, discovery in this case will be controlled by:

( )     Rule 190.2 (Level 1)

( X )    Rule 190.3 (Level 2)

of the Texas Rules of Civil Procedure. Except by agreement of the party, Leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relation to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a(c) motions must be heard no later than thirty (30) days before trial.

5.     No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this order on the new party concurrently with the pleading joining that party.

Tab 6

6.      The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation.

(X)      Unless otherwise ordered by the Court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the Court within thirty (30) days of the date of this order; the Court will then appoint a mediator.

7.      Fourteen (14) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10) days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 pm on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

**DEADLINES SET FORTH BY THE COURT IN THIS ORDER MAY NOT BE AMENDED EXCEPT BY LEAVE OF THIS COURT.**

SIGNED ___July 11, 2013___

_____
**District Judge**

cc:      Counsel of Record/Pro Se Parties/Mediator



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

7/11/2013

KARL WAYNE KOEN
14643 DALLAS PARKWAY SUITE 500
DALLAS TX  75254

DC-13-06382
BARBARA JONES, et al  vs.  CELADON TRUCKING SVCS

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTING:

**NON - JURY TRIAL: June 10, 2014 at 9:30 AM**

TRIAL ANNOUNCEMENTS MUST BE MADE IN ACCORDANCE WITH RULE 3.02, LOCAL
RULES OF THE CIVIL COURTS OF DALLAS COUNTY, TEXAS.

WHEN NO ANNOUNCEMENT IS MADE FOR DEFENDANT, DEFENDANT WILL BE PRESUMED
READY. IF PLAINTIFF FAILS TO ANNOUNCE OR TO APPEAR AT TRIAL, THE CASE WILL BE
DISMISSED FOR WANT OF PROSECUTION IN ACCORDANCE WITH RULE 165a, TEXAS
RULES OF CIVIL PROCEDURE.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

**Tab 7**